[1 NYS3d 821]

In the Matter of MORTEZA SEYED HOSSEINIPOUR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 18, 2015

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel) for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated January 6, 2014 (2014 NY Slip Op 60133[U]), the respondent was immediately suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), as a result of his conviction of a serious crime, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against him, the respondent was directed to serve an answer to the petition within 20 days after service upon him of the petition, and the matter was referred to the Honorable Stella Schindler, as Special Referee, to hear and report on the issues raised.

The Grievance Committee now moves to adjudicate the respondent in default for his failure to answer a petition dated January 16, 2014, within the time frame specified by the January 6, 2014 decision and order.

The petition contained one charge alleging that the respondent had been convicted of a serious crime, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On February 24, 2012, by indictment No. 12CR-I-02-0080, the respondent was charged in the Court of Common Pleas of Delaware County, Ohio, with three counts of unlawful sexual conduct with a minor, three counts of illegal use of a minor in nudity-oriented material or performance, and one count of rape.

On February 5, 2013, the respondent entered a written plea of no contest to two counts of attempted illegal use of a minor in nudity-oriented material or performance (a lesser included offense of the crime set forth in counts four and six of the above-referenced indictment), in violation of section 2923.02 (A) of the Ohio Revised Code, as it relates to section 2907.323 (A) (1). On May 10, 2013, Judge W. Duncan Whitney of the Court of Common Pleas of Delaware County, Ohio, sentenced the respondent to 24 months of imprisonment for both crimes, to run concurrently, and directed him to pay the costs of prosecution, and fines totaling $20,000. In addition, because he had been found to be a "Tier II Sex Offender/Child Victim Offender Registrant," he was advised to register as a sex offender in accordance with section 2950.032 of the Ohio Revised Code.

The respondent is currently incarcerated at a correctional facility in Orient, Ohio.

On April 9, 2014, the respondent was personally served, at the Ohio Department of Rehabilitation and Correction Correctional Reception Center in Orient, Ohio, with a copy of the notice of petition and the petition in this proceeding, both dated January 16, 2014, and a copy of this Court's decision and order dated January 6, 2014. To date, the respondent has failed to either serve an answer to the petition or communicate with the Grievance Committee in any manner, including requesting an extension of time to file his answer.

On May 29, 2014, the Grievance Committee personally served the respondent with a copy of the instant motion papers, seeking to adjudicate him in default. To date, the respondent has neither responded to the motion, nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Morteza Seyed Hosseinipour, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Morteza Seyed Hosseinipour, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Morteza Seyed Hosseinipour, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Morteza Seyed Hosseinipour, has been issued a secure pass by the Office of Court Adminis-

tration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).